IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-00917-WDM-BNB

FIELDTURF USA, INC., a Florida Corporation, and
FIELDTURF TARKETT, INC., a Canadian company,

    Plaintiffs,

v.

PROFESSIONAL TURF SOLUTIONS, LLC, a Colorado Limited Liability Company, and
DALE COLLETT, an individual,

    Defendants.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

Miller, J.

This matter is before me on the Motion for Summary Judgment filed by Plaintiffs FieldTurf USA, Inc., and FieldTurf Tarkett, Inc. (collectively "FieldTurf") (doc no 38) and the Motion for Summary judgment filed by Defendants Professional Turf Solutions, LLC ("Professional Turf") and Dale Collett ("Collett") (doc no 39). After a review of the briefs and the parties' written arguments, I conclude oral argument is not required. For the reasons that follow, both motions will be denied.

### Background[1]

The parties are competitors in the artificial turf industry. FieldTurf previously filed suit against Defendants in this district court, alleging trademark infringement and Lanham

---

[1] The facts set forth herein are drawn from the parties' briefs and are undisputed, unless otherwise noted.

Act violations. The case was designated Case No. 05-cv-01241-LTB-PAC. The parties resolved the case by entering into a settlement agreement, executed on or about January 19, 2006, and the matter was dismissed. In exchange for dismissal and a release of liability, Defendants agreed to make a cash payment over time and to assign their accounts receivable from General Sports Turf ("GST") to FieldTurf for collection. Defendants agreed to cooperate with FieldTurf's collection efforts against GST. The settlement agreement also recited the following: "Defendants represent that GST forged a signature on a lien document, a copy of which Defendants possess." Defendants agreed to provide a copy of the forged document (apparently a lien release) and an affidavit concerning the forgery. The assignment of the GST accounts receivable was executed on the same day and contained several representations by Defendants, including the following: (1) Defendants had entered into a contract with GST to perform turf related installation work (the "Work") at three locations but payment in full was not received; (2) Defendants and GST had agreed on a total price for the Work of $294,064.74, which Defendants had invoiced; (3) Defendants performed and completed all of the Work, including punch list items; (4) Defendants "agreed with GST to lower the amount of $294,064.74 to $100,002.48;" and (5) Defendants "are the sole and rightful owners of any and all right, title, and interest to $100,002.48." In the assignment, Defendants again warranted that they would "take all reasonable steps" to assist FieldTurf in collecting from GST, including "assisting with any lawsuit, filing affidavits or declarations, providing invoices and contracts, or any other action deemed reasonably necessary."

In his deposition, Collett testified that the amount owed by GST was disputed

because of several deductions taken by GST off the cost of the projects. Collett believed the amount owed to be approximately $200,000. He testified that he asked GST to give a "final" accounting of what was owed and that he used this figure as the basis for the representation that GST and Defendants "agreed" that GST owed $100,002.48 for the Work but that in fact no formal agreement was made. He testified that he did not have confidence in GST's calculations because he believed it owed more than $100,002.48. Collett could not come up with an exact amount outstanding because his records showed only payment deposits that covered several different projects, not just the three sites subject to the assignment, so he could not match up invoices and payments. There is a dispute about when Collett revealed to FieldTurf how he came up with the total amount due reflected in the assignment.

However, it is undisputed that Collett did not reveal to FieldTurf that some of Professional Turf's crew walked off the job sites that were the subject of the assignment. Collett apparently believed that the cost associated with the walkoffs was accounted for in the reduced "final" accounting he received from GST.

Thereafter, FieldTurf began attempting to collect on the GST account. The parties dispute when and if Defendants provided documents FieldTurf needed to prove the validity of GST's debt; FieldTurf asserts that many documents were not provided until after the commencement of this litigation and that Defendants' contracts with GST have never been produced. GST denied owing anything at all to Defendants. Defendants have made several payments pursuant to the settlement agreement and complied with several other requirements.

FieldTurf commenced this lawsuit alleging that Defendants breached the settlement agreement. In the Amended Complaint, which now governs this action, FieldTurf asserts two causes of action: (1) breach of the settlement agreement by failing to provide documentation needed for FieldTurf to collect and prove the validity of the GST debt; (2) fraud, based on alleged false representations or concealment of material facts in the settlement agreement and assignment.

## Standard of Review

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A factual issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying 'a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.'" *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)). Then, "[t]o avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Id.*

## Discussion

Plaintiffs move for summary judgment in their favor on the claim of fraud. Defendants move for summary judgment in their favor on both claims. Because there are numerous genuine issues of material fact, none of the parties is entitled to summary

4

disposition of these matters.

Plaintiffs argue that the undisputed facts show that they are entitled to judgment as a matter of law on their claim of fraud or fraudulent concealment. The elements of fraudulent concealment under Colorado law are: (1) concealment of a material fact that in equity and good conscience should be disclosed; (2) knowledge on the part of the party against whom the claim is asserted that such a fact is being concealed; (3) ignorance of that fact on the part of the one from whom the fact is concealed; (4) the intention that the concealment be acted upon; and (5) action on the concealment resulting in damages. *Kopeikin v. Merchants Mortgage & Trust Corp.*, 679 P.2d 599, 601 (Colo. 1984). The elements of fraudulent misrepresentation are: (1) a fraudulent misrepresentation of material fact; (2) the plaintiff's reliance on the material representation; (3) the plaintiff's right or justification in relying on the misrepresentation; and (4) reliance resulting in damages. *M.D.C./Wood, Inc. v. Mortimer*, 866 P.2d 1380, 1382 (Colo. 1994)[2].

I conclude that there are genuine issues of material fact as to several of these elements, including whether Defendants falsely represented that the debt was valid and the amount or whether Defendants had a duty to disclose the walkoffs. Plaintiffs assert

---

[2]Although not explicit, Plaintiffs also appear to rely in the alternative on a theory of negligent misrepresentation. The elements of this tort are as follows: "One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." *Keller v. A.O. Smith Harvestore Products, Inc.*, 819 P.2d 69, 71 n. 2 (Colo. 1991) (quoting Restatement (Second) of Torts § 552(1) (1976)).

that Collett knowingly misrepresented the amount owed, or did so with a reckless disregard for the truth, because he did not, and apparently could not, independently verify GST's alleged final accounting. However, on a motion for summary judgment all reasonable inferences must be drawn in favor of the non-moving party. From the evidence presented, a reasonable jury could infer that Collett relied in good faith on GST's information with the understanding that it represented the minimum amount Defendants were owed and that GST has acted in bad faith by making one representation to Defendants and another to FieldTurf. This is a reasonable interpretation in light of the alleged fact that GST has previously engaged in fraudulent conduct. Alternatively, the jury could infer from these disputed and undisputed facts that Defendants had no idea what they were owed, if anything, or knew that all debts had been paid in full at the time of entering into the settlement agreement. The evidence is also conflicting about if or when Collett informed FieldTurf representatives that the accounting was done by GST. These issues will require determination by a fact-finder and cannot be resolved as a matter of law.

Defendants also seek summary judgment in their favor on the claim of fraud, arguing that the undisputed facts show that there is no genuine issue about the amount owed by GST and therefore no falsity. I disagree for the reasons discussed above.

Defendants further request that judgment be entered in their favor as a matter of law on the breach of contract claim, asserting that they have provided all discoverable documents in their possession. I disagree. Again, there are numerous genuine issues of fact as to what documents were produced and when. In addition, there are factual disputes as to whether the documents are sufficient to prove the validity of the amounts

allegedly owed by GST to Defendants.

    Accordingly, it is ordered:

1.    The motions for summary judgment (docs no 38 and 39) are denied.

    DATED at Denver, Colorado, on August 17, 2007.

    BY THE COURT:

s/ Walker D. Miller
United States District Judge